18488

W. D. LIPSCOMB, as Guardian ad Litem for Sharyn Poole, a minor over the age of fourteen (14) years, Respondent, v. HUGH E. POOLE and Oliver Marcella Watson, of whom Oliver Marcella Watson is, Appellant.

(147 S. E. (2d) 692)

*Messrs. Leatherwood, Walker, Todd & Mann,* of Greenville, *for Appellant,*

*Messrs. J. M. Rollins* and *Richard J. Foster,* of Green-ville, *for Respondent,*

April 11, 1966.

Moss, Acting Chief Justice.

Sharyn Poole, the respondent herein, on February 21, 1965, was riding as a passenger in an automobile owned and operated by her husband, Hugh E. Poole. This automobile was in collision with one driven by Oliver Marcella Watson, the appellant herein, and resulted in personal injury to the respondent. This action was brought by the respondent against her husband and the appellant to recover damages for the personal injuries she sustained. It was alleged in the complaint that W. D. Lipscomb was the father and the duly appointed guardian *ad litem* of his daughter, Sharyn Poole, who was then 19 years of age.

This case came on for trial before the Honorable James H. Price, Jr., Judge of the Greenville County Court, and a jury, on June 1, 1965, and resulted in a verdict in favor of the respondent against the appellant for the sum of $10,-000.00 actual damages.

It developed during the cross examination of Sharyn Poole that she was a minor, twenty years of age, and had made no application for the appointment of a guardian *ad*

*litem* and none had been appointed for her. At the conclusion of the testimony in behalf of Sharyn Poole, the appellant made a motion for a nonsuit on the ground that the court was without jurisdiction to proceed with the trial of the case since she was not represented by a duly appointed guardian *ad litem.* Thereupon, counsel for Sharyn Poole asked the court to appoint W. D. Lipscomb as her guardian *ad litem, nunc pro tunc.* This motion was granted and the motion of the appellant was refused. The trial then proceeded and resulted in the verdict heretofore stated.

The appellant, after the rendition of the verdict in favor of the respondent, made a motion for a new trial upon the following grounds: (1) that the court was without jurisdiction to proceed with the trial of this case because Sharyn Poole was a minor and no guardian *ad litem* had been appointed for her; (2) that the trial judge erred in appointing a guardian *ad litem, nunc pro tunc,* for the minor over the objection of the appellant; (3) that the verdict of the jury was excessive and not justified by the testimony, facts and circumstances in the case; and (4) that the attitude of the trial judge toward the attorney for the appellant was so antagonistic and unfriendly as to constitute a handicap on the part of the said attorney in the trial of said case, thereby preventing the said appellant from obtaining a fair and impartial trial. The aforesaid motion for a new trial was refused and this appeal followed.

It is the position of the appellant that Sharyn Poole, being a minor, has no capacity to sue, that the court was without jurisdiction to entertain a suit brought by her, and that this defect could not be cured by a *nunc pro tunc* appointment of a guardian *ad litem* to prosecute the action on her behalf. It is provided in Section 10-231 of the Code that "[w]hen an infant is a party he must appear by guardian *ad litem*" and Section 10-233 provides "[w]hen an infant is plaintiff the guardian *ad litem* shall be appointed upon the application of the infant if he be of the age of fourteen years." It is argued that the words of the foregoing

statutes are mandatory and cannot be disregarded. Section 10-692 of the Code provides that in furtherance of justice the Court may amend "any pleading, process or proceeding by (a) adding or striking out the name of any party, (b) correcting a mistake in the name of a party or a mistake in any other respect * * * when the amendment does not change substantially the claim or defense, conforming the pleading or proceeding to the facts proved." It is also provided in Section 10-1213 of the Code that "whenever any proceeding taken by a party fails to conform in any respect to the provisions of this Code the court may, in like manner and upon like terms, permit an amendment of such proceeding so as to make it conformable thereto."

The general rule is that a court is not without jurisdiction to entertain a suit by an infant in his own name, but the bringing of such a suit is merely an irregularity which may be cured by thereafter appointing a guardian *ad litem* to prosecute the action and by amending the complaint accordingly. 27 Am. Jur., Infants, Section 117, at page 838. *Urbach v. Urbach,* 52 Wyo. 207, 73 P. (2d) 953, 113 A. L. R. 889.

In 43 C. J. S., Infants, § 110, at page 290, we find the following:

"Since, * * * the want of a guardian *ad litem* or next friend generally is regarded as a mere irregularity and not jurisdictional, it is not a jurisdictional requirement that there should be a next friend or guardian *ad litem* for an infant at the time of suing out process. Hence, where during the progress of the trial it appears that plaintiff is an infant, the court may then appoint a next friend or guardian *ad litem* for him and allow the pleadings to be amended accordingly, and where defendant pleads that plaintiff, an infant, did not commence his action by next friend, the court may allow a responsible person to appear as next friend and qualify, even over the objection of defendant. * * *"

The case of *Boyce v. Lake,* 17 S. C. 481, was an action on a note and the answer of the defendant alleged that the

plaintiff was a lunatic. At the trial plaintiff's attorney admitted this allegation and moved without previous notice for the appointment of a guardian *ad litem* for the plaintiff, and the appointment was made. This Court held that the amendment was within the discretion of the presiding judge, and such was properly exercised.

In the case of *Seigler v. Southern Ry. Co.*, 85 S. C. 345, 67 S. E. 296, it appears that during the progress of the trial in the circuit court, plaintiff's attorney announced that he found that the order appointing the guardian *ad litem* for plaintiff, who was not of age when the action was commenced, had, by some oversight, not been signed by the clerk, and asked leave to have the clerk sign it *nunc pro tunc;* and, failing in that, he asked leave to amend his complaint by striking out the allegation of plaintiff's minority and the appointment of the guardian *ad litem,* and to continue the action in the name of the plaintiff, as he was then of age. The presiding Judge refused both motions upon the ground that he had no power to grant either. This Court, in reversing the order of the lower Court, held:

"Under the liberal provisions of sections 194 (now Section 10-692) and 195 (now Sections 10-609 and 10-1213) of the Code, as to the allowance of amendments, there can be no doubt that the court had the power to grant either motion, and should have done so. *Boyce v. Lake,* 17 S. C. 481. As the plaintiff had become of age since the commencement of the action, the proper method of procedure was to strike from the complaint the allegation as to his nonage and the appointment of a guardian *ad litem,* and continue the action in his own name.

"Moreover, the plaintiff's capacity to sue was not in issue. As to the allegation of the appointment of a guardian *ad litem,* the answer was 'that the defendant has no knowledge or information sufficient to form a belief.' In [*Liberian Exodus Joint-Stock*] *Steamship Co. v. Rodgers,* 21 S. C. 27, it was held, 'This is only one of the modes of making a general denial,' and such a denial does not put in issue the plain-

tiff's capacity to sue. *Blackwell v. [British American] Mortgage Co.,* 65 S. C. [105] 116, 43 S. E. 395, and the cases cited."

The Code gives the Court a wide latitude as to amendments, and while the power should not be exercised indiscriminately or to the surprise or prejudice of opposing parties, yet this matter must be left to the sound discretion of the presiding judge and this Court will not disturb the exercise of that discretion unless manifest injustice has been done. The material facts of this case, those upon which the matters at issue depended, were in no way altered by the appointment of a guardian *ad litem, nunc pro tunc,* nor was there any surprise to the appellant. The Court here did not lose jurisdiction of the cause when it was discovered that a guardian *ad litem* had not been appointed for the respondent. The power to amend the pleadings by appointing a guardian *ad litem, nunc pro tunc,* for the infant was authorized by the Code and it was properly exercised here by the trial judge. It follows that, if upon the trial of a cause instituted by an infant, the infancy of the plaintiff is discovered, the Court may then and there appoint a guardian *ad litem, nunc pro tunc,* and allow the action to proceed, provided no prejudice results therefrom to the opposing party.

The next question to be decided is whether the verdict for $10,000.00 actual damages is so grossly excessive as to indicate caprice, passion or prejudice on the part of the jury. The trial judge did not consider the verdict excessive and refused to reduce the amount or set it aside.

We have held in numerous cases that this Court will not set aside a verdict because the amount thereof is such as to indicate merely undue liberality on the part of the jury. The power in such case to set it aside or reduce it by granting a new trial *nisi,* rests with the trial judge alone. It is only when the verdict is so grossly excessive as to indicate that the jury was moved by passion or prejudice or other considerations not founded on the evidence and the instructions of

the trial court, that it becomes the duty of this Court, as well as of the trial court, to set it aside absolutely. Where the amount of the verdict bears a reasonable relationship to the character and extent of the injury and damage sustained, it is not excessive. *Ray v. Simon,* 245 S. C. 346, 140 S. E. (2d) 575. The amount to be awarded for personal injury and the resulting pain and suffering cannot be determined from evidence of value, for there is no market value on such items. The facts of each case determine the value to be placed on such elements of damage. *Bruno v. Pendleton Realty Co.,* 240 S. C. 46, 124 S. E. (2d) 580, 95 A. L. R. (2d) 1333.

The respondent, at the time of her injury, was a married woman, nineteen years of age, and employed in a manufacturing plant. The physician who attended her testified that she had lacerations and contusions on her face and knees, and also the upper part of her legs. He said that she suffered pain as a result of her injuries. This physician pointed out certain scars on the respondent's face and knees and described them as being visible from a distance and permanent in nature. The respondent testified as to her pain and suffering and that for a long time after her injury she had swelling in her leg. The respondent also testified that the scars on her face caused her much embarrassment and that when she was in a public place she would unconsciously put her hand over her facial scars to prevent people seeing such.

The trial judge, in denying the motion of the appellant to either reduce the verdict or set it aside, said:

"* * * The primary element for damages was a scar sustained by the minor plaintiff. According to my trial notes, the scar formed a V with the junction of the two lines being approximately at the right corner of the right eye. From the corner of the eye, the upper line ran about a forty-five degree angle up the forehead toward the left. The lower line ran at about the same angle. Each line was approximately one and one-half to two inches in length, or a total of three to four

inches. Neither line was perfectly straight and each line was approximately ⅜'s inches in width."

Considering the foregoing injuries, together with the accompanying pain and suffering, the mental anguish which the respondent suffered and will suffer, her age and sex, we think the damages assessed by the jury find reasonable support in the record. Therefore, we cannot say as a matter of law that the trial judge was in error in refusing a new trial on the ground that the verdict for actual damages was excessive or that such was the result of a disregard of the facts and of the instructions of the Court, and was due to passion and prejudice or other considerations not founded upon the evidence.

The final question for determination is whether the trial judge was so antagonistic and unfriendly to counsel for the appellant as to prevent a fair trial.

The right of a litigant to a fair and impartial trial, including an atmosphere free of overt antagonism and unfriendliness by the court is a basic one. The appellant complains that certain remarks and comments of the trial judge directed towards his counsel prevented him from obtaining a fair and impartial trial and constituted reversible error. The record in this case has been reviewed several times in view of this exception. It is true that the trial judge and counsel for the appellant engaged in a colloquy as to admission of evidence and to procedural matters, most of which took place in the absence of the jury. A careful review of the record fails to show that counsel for the appellant seasonably objected to the remarks or comments of the trial judge. There was no motion made for a mistrial because of such remarks nor was any intimation given to the court at the time of the adverse effects the colloquy was having upon counsel. It was not until a motion for a new trial was made that the appellant asserted that he was deprived of a fair trial by reason of the animosity of the trial judge.

It is the general rule that prejudicial remarks in the course of a trial made by the court must be seasonably objected to

and an exception noted, in the absence of which the question will not be ordinarily reviewed on appeal. In general, the exceptions must be taken at the time the remarks are made. 53 Am. Jur., Trial, Section 92, page 84.

The case of *Brown v. Singletary*, 226 S. C. 482, 85 S. E. (2d) 738, was one where the trial judge asked opinion of counsel as to whether case should be submitted to jury in view of possibly prejudicial remarks the judge inadvertently made in the presence of the jury, and counsel having made no objection or motion until after adverse verdict, remarks did not then constitute proper ground of motion for a new trial. Party cannot take his chances of a successful issue, reserving vices in the trial, of which he has notice, for use in case of disappointment in the result.

What we said in the recent case of *Parks v. Morris Homes Corp.*, 245 S. C. 461, 141 S. E. (2d) 129, is here applicable:

"No objection was made during the trial to the remarks of the trial judge. The first contention that they were prejudicial was made in defendant's motion for a new trial. If the defendant considered the remarks of the trial judge prejudicial, it was its duty to call the matter to the attention of the court at that time by proper objection or motion. There is no sound reason to place matters of this nature upon a different basis from other occurrences during the trial of a case, in which the duty has been placed upon litigants to make timely objection in order to preserve the right of review. The fact that counsel may have some hesitancy in making objection during the trial to remarks or conduct of the court, which are considered prejudicial, does not excuse the failure to do so. An objection timely made to improper remarks or conduct of the court during the trial will afford in many instances an opportunity for correction of the error at that time or the granting of a mistrial as the particular situation requires. The interest of the trial court is only to see that a fair trial is had and objections to improper remarks or conduct on its part will be received in that spirit."

If the appellant considered the remarks and conduct of the trial judge prejudicial, then he should have made timely objection in order to preserve the right of review, and the failure so to do amounts to a waiver of the alleged error.

The exceptions of the appellant are overruled and the judgment below is affirmed.

Affirmed.

LEWIS, BUSSEY and BRAILSFORD, JJ., and LEGGE, Acting J., concur.