23304

The STATE, Respondent v. Samuel L. BROWN, Appellant.

(399 S.E. (2d) 593)

Supreme Court

*Dale E. Cobb, Jr., Belk, Cobb & Chandler,* Charleston, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *Miller W. Shealy, Jr.,* Columbia, and *Sol. Charles M. Condon,* Charleston, *for respondent.*

Heard Nov. 13, 1990.

Decided Jan. 7, 1991.

GREGORY, Chief Justice:

Appellant was convicted of trafficking in cocaine and sentenced to a term of twenty-five years without parole. We reverse and remand for a new trial.

Yolanda Bethel was one of the State's chief witnesses at appellant's trial. She testified that at the request of a man named "Henry," she agreed to transport a quantity of cocaine from Miami, Florida, to Charleston, South Carolina. She was to contact appellant upon arrival in Charleston. When she ar-

rived at the Charleston International Airport, however, Bethel was apprehended by undercover agents. A large quantity of cocaine was found in her suitcase. As a result, Bethel agreed to cooperate with law enforcement by contacting appellant and accompanying the agents to deliver the suitcase to him.

According to her testimony, appellant was the person she spoke with on the telephone to arrange a rendezvous. Appellant arrived in a car at the designated meeting place where he was arrested.

On direct examination, the Solicitor elicited testimony from Bethel regarding her plea agreement with the State. In return for her testimony, she was allowed to plead guilty to one conspiracy charge for which she could receive a maximum sentence of seven and one-half years. On cross-examination, Bethel testified she was originally charged with trafficking in cocaine but the charge was "dropped" as part of the agreement. Counsel attempted to elicit from Bethel the punishment for trafficking in cocaine. The trial judge sustained the Solicitor's objection to this line of questioning. Appellant claims the trial judge abused his discretion in limiting cross-examination. We agree.

The Confrontation Clause guarantees a defendant the opportunity to cross-examine a witness concerning bias. *Davis v. Alaska*, 415 U.S. 308, 94 S. Ct. 1105, 39 L. Ed. (2d) 347 (1974). Considerable latitude is allowed in the cross-examination of an adverse witness for the purpose of testing bias. *State v. McFarlane*, 279 S.C. 327, 306 S.E. (2d) 611 (1983); *State v. Collins*, 235 S.C. 65, 110 S.E. (2d) 270 (1959). The limitation of cross-examination is reversible error if the defendant establishes he was unfairly prejudiced. *Cf. State v. Hess*, 279 S.C. 14, 301 S.E. (2d) 547 (1983).

We find appellant was unfairly prejudiced in this case. The sentence for trafficking in cocaine in the amount in question here is a mandatory one of at least twenty-five years without parole. S.C. Code Ann. § 44-53-370(e) (Supp. 1989). The fact Bethel was permitted to avoid a mandatory prison term of more than three times the duration she would face on her plea to conspiracy is critical evidence of potential bias that appellant should have been permitted to present to the jury. Moreover, Bethel's testimony was a crucial

part of the State's case since she provided the only evidence of appellant's knowing involvement in the drug transaction.

We reject the State's argument that inquiry into punishment was properly excluded because it would have allowed the jury to learn of appellant's own potential sentence if convicted. We conclude appellant's right to meaningful cross-examination outweighs the State's interest here. *Accord State v. Morales,* 120 Ariz. 517, 587 P. (2d) 236 (1978); *see also Davis v. Alaska, supra.*

Appellant also challenges the constitutionality of his sentence under S.C. Code Ann. § 44-53-370(e) (Supp. 1989) as a violation of the prohibition against cruel and unusual punishment. We disposed of this argument in *State v. De La Cruz,* ___ S.C. ___ , 393 S.E. (2d) 184 (1990).

We need not address appellant's remaining exceptions. The judgment of the circuit court is reversed and the case is remanded for a new trial.

Reversed and remanded.

HARWELL, FINNEY and TOAL, JJ., and LITTLEJOHN, Acting Associate Justice, concur.