24092

The STATE, Respondent v. Kevin Michael CLARK, Appellant.

(445 S.E. (2d) 633)

Supreme Court

---

*M. Anne Pearce, Asst. Appellate Defender, SC Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka, Deputy Attys. Gen. Salley W. Elliott, Harold M. Coombs, Jr.,* and *James W. Rion, Jr.,* Columbia, and *Sol. Ralph J. Wilson,* Conway, *all for respondent.*

Heard Sept. 22, 1993.

Decided June 13, 1994.

CHANDLER, Justice:

We granted rehearing to reconsider Opinion No. 93-MO-173, filed June 21, 1993. That opinion is vacated and the fol-

lowing opinion substituted in it its place.

Appellant, Kevin Michael Clark (Clark), was convicted of possession with intent to distribute (PWID) crack cocaine and PWID marijuana. He was sentenced to concurrent terms of fifteen years and three years, and fined $25,000.

We affirm.

## FACTS

Clark and two other men were approached by police as they sat in a parked car in front of a convenience store at 1:30 a.m. After being subjected to a pat-down search, Clark consented to a search of the vehicle. The vehicle belonged to one John Anthony Frilando, whose girlfriend, Quisha, lent the vehicle to Clark without Frilando's knowledge. Police discovered 98 bags of marijuana and a matchbox of crack cocaine in the car. A small quantity of crack cocaine was subsequently found on Clark's person. Clark denied any knowledge of the marijuana and cocaine found in the automobile.

At trial, Clark moved for permission to cross-examine Frilando regarding a murder indictment pending against him in the same circuit; Clark contended that Frilando, hoping to gain favorable treatment for himself, was likely to be biased toward the State. The Solicitor responded that Frilando was testifying, not freely and voluntarily, but subject to a subpoena. Further, the Solicitor advised the Court that there was no agreement between the State and Frilando. Trial Court ruled that Frilando could not be questioned about the pending murder charge.

Frilando testified that he was asleep when his girlfriend, Quisha, loaned the automobile to Clark, that he had no knowledge of the drugs, and that he had not driven the vehicle since 4:30 p.m., some nine hours prior to the 1:30 a.m. arrest. Clark's counsel cross-examined Frilando regarding his prior burglary conviction and parole revocation.

## ISSUE

Was Clark's Sixth Amendment right to confront the witnesses against him violated by trial court's refusal to permit inquiry into the pending murder indictment against Frilando?

## DISCUSSION

The Confrontation Clause guarantees a defendant the opportunity to cross-examine a witness concerning bias. *State v. Brown*, 303 S.C. 169, 399 S.E. (2d) 593 (1991). Considerable latitude is allowed in the cross-examination of a witness for potential bias. *Id.* A defendant demonstrates a Confrontation Clause violation where he is prohibited from "engaging in otherwise appropriate cross-examination designed to show a prototypical form of bias . . . from which jurors . . . could . . . draw inferences relating to the reliability of the witness." *Delaware v. Van Arsdall*, 475 U.S. 673, 680, 106 S.Ct. 1431, 1436, 89 L.Ed. (2d) 674, 684 (1986). A violation of the confrontation clause is not *per se* reversible but is subject to a harmless error analysis. *Id.*

> Whether such an error is harmless in a particular case depends upon a host of factors. . . . The factors include the importance of the witness' testimony in the prosecution's case, whether the testimony was cumulative, the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points, the extent of cross-examination otherwise permitted, and, of course, the overall strength of the prosecution's case. *Id.* at 684, 106 S.Ct. at 1438, 89 L.Ed. (2d) at 686-687.

When the foregoing *Van Arsdall* factors are applied to the record here, it is clear that any error was harmless beyond a reasonable doubt:

1. *Importance of Witness' Testimony:* Frilando's testimony was inconsequential to the State's case. He testified that he had no knowledge of the drugs found in the car. Clark testified that two co-defendant passengers were in the vehicle with him, and that the car had been loaned to him by Quisha. Clearly, the jury could have concluded that the drugs found in Frilando's car had been placed there either by Quisha or one of the passengers. Frilando's testimony was irrelevant.

2. *Cumulative Testimony:* This factor has no application here inasmuch as Frilando in no way aided the State's case against Clark.

3. *Corroborating Testimony:* As Frilando's testimony was not relevant, the third element of *Van Arsdall* is inapplicable.

4. *Extent of Cross-examination:* The cross-examination

here accords with *Van Arsdall.* Clark was permitted to impeach Frilando's credibility on his prior conviction for burglary, his parole revocation, and Frilando's admission that he had been in "some trouble" recently.

5. *Strength of Case:* It is clear that Frilando's testimony added nothing to the strength of the prosecution's case. The elements of the offenses with which Clark was charged were established through the arresting officers who found the drugs, and through the expert witness who identified the substances.

We hold that any error in limitation of Clark's cross-examination of Frilando was harmless beyond a reasonable doubt.

Clark's remaining issue is affirmed pursuant to Rule 220(b)(1) and the following authorities: *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed. (2d) 889 (1968); *State v. Culbreath*, 300 S.C. 232, 387 S.E. (2d) 255 (1990).

Affirmed.

HARWELL, C.J., and MOORE, J., concur.

TOAL and FINNEY, JJ., dissenting in separate opinion.

TOAL, Justice, dissenting:

I respectfully dissent. The majority admits that Clark's right to confront the witness against him was violated but finds the error harmless beyond a reasonable doubt. The majority makes this determination based upon the witness' testimony that he did not know anything about the drugs found in his automobile while the automobile was in Clark's possession. The majority then applied the factors enumerated in *Delaware v. Van Arsdall*, 475 U.S. 673, 680, 106 S.Ct. 1431, 1436, 89 L.Ed. (2d) 674, 684 (1986) and found none of the *Van Arsdall* factors applicable. The majority relies on *Van Arsdall* for the proposition that a violation of the defendant's confrontation clause right to cross-examine the witness is always harmless error unless the error falls squarely into one of the enumerated factors in *Van Arsdall.* I disagree.

Whether a constitutional error is harmless in any particular case depends on the facts and circumstances of each case. *See Sullivan v. Louisiana*, — U.S. —, 113 S.Ct. 2078, 124 L.Ed. (2d) 182 (1993) (appellate court must *de novo* review the

record to determine effect of error). The United States Supreme Court in *Van Arsdall*, 475 U.S. 673, 106 S.Ct. 1431, 89 L.Ed. (2d) 674 (1986), held that whether the denial of the defendant's constitutional right to confront the witness was harmless error depends on a "host of factors." *Van Arsdall*, at 684, 106 S.Ct. at 1438, 89 L.Ed. (2d) at 686. A mechanical application of the *Van Arsdall* factors is, in my view, contrary to *Van Arsdall* and this Court's prior opinions. *Id.* at 684, 106 S.Ct. at 1438, 89 L.Ed. at 686; *Arnold v. State*, — S.C. —, 420 S.E. (2d) 834, 839 (1992) *cert. denied*, — U.S. —, 113 S.Ct. 1302, 112 L.Ed. (2d) 691 (1993).

In *Van Arsdall v. State*, 486 A. (2d) 1 (Del. 1985) *rev'd* 475 U.S. 673, 680, 106 S.Ct. 1431, 1436, 89 L.Ed. (2d) 674, 684 (1986), the Delaware Supreme Court held that a violation of the defendant's Sixth Amendment right to confront the witness was a *per se* error which required reversal. The United States Supreme Court reversed and remanded the case to the Delaware Supreme Court for a harmless error determination. *Delaware v. Van Arsdall*, 475 U.S. 673, 680, 106 S.Ct. 1431, 1436, 89 L.Ed. (2d) 674, 684 (1986). On remand, the Delaware Supreme Court found that the error was not harmless. *Van Arsdall v. State*, 524 A. (2d) 3 (Del. 1987).[1]

Van Arsdall was prohibited from questioning the prosecution's witness about a pending indictment for public drunkenness which was dismissed in exchange for the witness' testimony. The prosecution's witness testified that he saw Van Arsdall shortly before the murder sitting on a bed in the apartment where the murder occurred. The Delaware Supreme Court recognized that the witness' "testimony, standing alone, appears to have established nothing with regard to the fact of Van Arsdall's presence at the scene of the crime which could have had an effect on the jury's verdict." *Id.* at 11. Van Arsdall admitted he was present when the victim was killed. *Id.* at 5-6. If, however, the prosecution's witness was not telling the truth, then the converse of the witness' testimony may have been true, in which case, the

---

[1] On remand from the United States Supreme Court, the Delaware Supreme Court based its holding on Delaware state law. The standard for harmless error review in Delaware, however, is the same as the federal standard. *See Van Arsdall v. State*, 524 A. (2d) 3, 10 (Del. 1987) (*citing Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed. (2d) 705 (1967)).

Delaware Supreme Court held that the jury may have found Van Arsdall's version of events more plausible.[2]

Logically, the case at bar is remarkably similar to *Van Arsdall.* Here the State's witness was under indictment in the same circuit for murder. The trial judge prohibited Clark from bringing to the attention of the jury the possible bias of the witness as a result of the pending murder indictment. The automobile where the drugs were found belonged to the State's witness who testified that he did not know anything about the drugs. Clark also testified that he had no knowledge of the drugs found in the automobile. As in *Van Arsdall,* Clark's co-defendants were acquitted by the jury.

Had Clark been able to show the possible bias on the part of the witness, the jury may not have believed the State's witness' testimony. If the jury did not believe the State's witness knew nothing of the drugs, logic dictates that the jury conclude the witness knew about the drugs. *See Van Arsdall,* 524 A. (2d) at 11. Under such circumstances, the jury may have acquitted Clark, as they did Clark's co-defendants.

In order for a constitutional error to be harmless, the error must have been harmless beyond a reasonable doubt. *Arnold v. State,* — S.C. —, 420 S.E. (2d) 834 (1992). The phrase "harmless beyond a reasonable doubt" means that the error, beyond a reasonable doubt, did not contribute to the verdict. *Id.* In making this determination, the reviewing court must review the entire record to determine what effect the error had on the verdict. *See e.g. Id.* The only evidence presented by the prosecution of Clark's intent to distribute the controlled substance was Clark's possession of the automobile where the drugs were found. The jury was required to infer Clark's intent to distribute the drugs from the weight of the drugs found in the automobile. I cannot hold beyond a reasonable doubt the jury would have inferred Clark's guilt of possession with the intent to distribute if the jury thought the owner of the automobile may have owned the drugs. Thus, I cannot conclude beyond a reasonable doubt the error did not contribute to the verdict.

---

[2] Van Arsdall testified that his co-defendant killed the victim while Van Arsdall attempted to aid the victim. Van Arsdall's co-defendant was acquitted in a separate trial. *Van Arsdall v. State,* 524 A. (2d) 3 (Del. 1987).

I would reverse and remand for a new trial.

FINNEY, J., concurs.