THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State, Respondent,
v.
Gary Russell Hunsucker, Appellant.
 
 
 

Appeal From Florence County
B. Hicks Harwell, Jr., Circuit Court Judge

Unpublished Opinion No. 2006-UP-277
Heard May 9, 2006  Filed June 8, 2006

AFFIRMED

 
 
 
Karen Newell Fryar and M. Celia Robinson, both of Columbia, for Appellant.  
Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General David A. Spencer, all of Columbia; and Solicitor Edgar Lewis Clements, III, of Florence, for Respondent.
 
 
 

PER CURIAM:  Gary Russell Hunsucker appeals his convictions for first degree burglary, conspiracy, armed robbery, and possession of a weapon during the commission of a violent crime.  We affirm.  
FACTS
Dr. Jim Haswell testified that around 8:30 p.m. on August 25, 2003, a small, thin man forced his way into Haswells house, put a gun to his head, and took $160.  After robbing Haswell, the assailant fled across the front yard, got in the passenger side of a dark colored sedan, and sped off.  Haswell described his assailant as around 140 or 150 pounds and about five feet ten inches tall.  Haswell further testified his assailant smelled heavily of tobacco smoke, was wearing blue baggies or booties over his feet, a blue bandana across his face, a blue cap, and rubber surgical gloves.  
Hunsucker was apprehended about a week after the incident.  Teresa Hennigan, the officer who booked him, testified that Hunsuckers physical characteristics at the time of booking matched Haswells description.  Hennigan further testified that during the booking process she collected one lighter, one cigarette, and two packs of unopened cigarettes from Hunsuckers person.  
Matthew Faison was also charged for the robbery.  Faison testified that on the day of the robbery Hunsucker asked Faison for a ride because he needed to go pick up some money.  Faison, who apparently did not have a car, testified he called John Hayes, a/k/a A.J., an acquaintance who did have a car.  Soon thereafter, Hayes arrived and Faison and Hunsucker got into Hayes car.  Hunsucker, according to Faisons testimony, was wearing a blue do-rag, doctor gloves, and trash bags on his shoes.  
According to Faison, Hunsucker directed Hayes to drive to Haswells house.  Upon arriving, Hunsucker went to the front door, knocked on it, and when it opened pointed a gun at the face of the dude who answered the door.  Following a verbal exchange to which Faison was not privy, Haswell eventually handed something to Hunsucker.  Hunsucker returned to the car, and Hayes drove Hunsucker to his home.  Faison and Hayes continued on to their respective homes.  
The State also called Hayes to testify.  Hayes testified he weighed 200 pounds, was six feet tall, and drove a four-door 2001 maroon Pontiac.  The State attempted to question Hayes about a statement he gave to the police regarding his knowledge of the robbery.  Hayes admitted he gave a statement but refused to comment on the statement and refused to testify about the Haswell robbery.  Hayes statement was not admitted into evidence.  Hunsucker informed the court he did not want to ask Hayes any questions, and Hayes was excused without being cross-examined.  
STANDARD OF REVIEW
In criminal cases, the appellate court sits to review errors of law only and is bound by the factual findings of the trial court unless clearly
erroneous.  State v. Wilson, 345 S.C. 1, 5-6, 545 S.E.2d 827, 829 (2001).  On review, we are limited to determining whether the trial judge abused his discretion.  Id.  An abuse of discretion occurs when the trial courts ruling is based on an error of law.  State v. McDonald, 343 S.C. 319, 325, 540 S.E.2d 464, 467 (2000).  In order for an error to warrant reversal, the error must result in prejudice to the appellant.  State v. Wyatt, 317 S.C. 370, 372-73, 453
S.E.2d 890, 891 (1995).
LAW/ANALYSIS
I.  Restriction of Cross-Examination of Testifying Co-Conspirators
Hunsucker contends the trial court committed reversible error in restricting cross-examination of Faison and Hayes regarding the length and nature of the sentences avoided by them through cooperation with the State.  We disagree. 
The confrontation clause guarantees a defendant the opportunity to cross-examine a witness concerning bias. 
State v. Mizzell, 349 S.C. 326, 331, 563 S.E.2d 315, 317 (2002).  Considerable latitude is allowed in the cross examination of an adverse witness to show bias.  State v. McFarlane, 279 S.C. 327, 330, 306 S.E.2d 611, 613 (1983).  
The Confrontation Clause does not, however, prevent a trial judge from imposing any limits on defense counsels inquiry into the potential bias of a prosecution witness.  On the contrary, trial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination . . . . 
State v. Graham, 314 S.C. 383, 385, 444 S.E.2d 525, 527 (1994).  Still, before cross-examination may be limited, the record must clearly show that the cross-examination is somehow inappropriate.  Id. at 385-86, 444 S.E.2d at 527.  The limitation of cross-examination is reversible error if the defendant establishes he was unfairly prejudiced. 
State v. Brown, 303 S.C. 169, 171, 399 S.E.2d 593, 594 (1991).  
A.  Cross-Examination of Matthew Faison
On direct examination, Faison admitted pleading guilty to the armed robbery of Haswell and three separate counts of strong armed robbery.  In addition, Faison admitted pleading guilty to various other charges including forgery, financial transaction card fraud, and aggravated assault and battery.  Faison testified the State recommended all sentences on the aforementioned charges run concurrent, including a twelve year no parole sentence for armed robbery, in exchange for Faisons cooperation with the State in the prosecution of Hunsucker.  
On cross-examination, Hunsucker attempted to question Faison regarding the length and nature of the possible sentences he avoided through cooperation with the State.  During a proffer, Faison admitted that he faced a potential sentence of ninety-five years if fully prosecuted and convicted of the crimes charged against him.  The trial court held Hunsucker could not elicit testimony regarding the possible length of the sentences associated with the various crimes charged against Faison because such information would suggest the potential sentence Hunsucker might face if found guilty.  
Generally, the jury is not entitled to learn the possible sentence of a defendant because the sentence is irrelevant to the finding of guilt or innocence.  Mizzell, 349 S.C. at 331, 563 S.E.2d at 318.  The purpose of preventing disclosure of the potential sentence facing the defendant is that such evidence is irrelevant to the jury and could possibly prejudice the States right to a fair trial.  State v. Gillian, 360 S.C. 433, 453, 602 S.E.2d 62, 73 (Ct. App. 2004) (citation omitted).  However, other constitutional concerns, such as the Confrontation Clause, limit the applicability of this rule in circumstances where the defendants right to effectively cross-examine a co-conspirator witness of possible bias outweighs the need to exclude the evidence.  Mizzell, 349 S.C. at 331-32, 563 S.E.2d at 318.  
We find the trial court erred in prohibiting Hunsucker from cross-examining Faison regarding the possible punishments avoided through cooperation with the State.  In State v. Brown, the supreme court held the trial court erred in not allowing the defendant to cross-examine a key witness who was permitted to avoid a mandatory prison term of more than three times the duration she would face on her plea . . . .  303 S.C. at 171, 399 S.E.2d at 594.  The court held the witnesss avoidance of such a punishment was critical evidence of potential bias that should be presented to the jury.  Id.  Similarly, Faisons cooperation with the State helped him secure a recommendation of twelve years imprisonment and avoid a possible punishment of more than ninety years.  Thus, as in Brown, the trial courts denial of meaningful cross-examination of Faison, a key witness, outweighs the States interest in excluding the evidence because the potential punishment avoided by Faison far exceeded the sentence received.  
Nevertheless, a violation of the confrontation clause is subject to a harmless error analysis.  State v. Clark, 315 S.C. 478, 481, 445 S.E.2d 633, 634 (1994).  Whether an error is harmless depends on the circumstances of the particular case.  No definite rule of law governs this finding; rather, the materiality and prejudicial character of the error must be determined from its relationship to the entire case.  State v. Mitchell, 286 S.C. 572, 573, 336 S.E.2d 150, 151 (1985).  
We do not believe the error could have reasonably affected the result of the trial.  During cross-examination, Hunsucker asked Faison, [W]hat will happen if you dont testify for the government here today?  Faison replied, without objection from the State, I get 30 years added on to my time.  Thus, Hunsucker established that Faison received a substantially reduced sentence in exchange for his testimony, thereby demonstrating Faisons bias and motive.  We thus find no reversible error. 
B.  Cross-Examination of John Hayes
Hunsuckers argument regarding the limitation of cross-examination of Hayes regarding his bias is not preserved.  Hunsucker argued that allowing the solicitor to question Hayes about specifics in his statement, when Hayes refused to testify, constituted hearsay and violated Hunsuckers due process and confrontation rights.  However, Hunsucker never attempted to cross-examine Hayes as to his bias.  Accordingly, the issue on appeal is not preserved for appellate review.  State v. Hudgins, 319 S.C. 233, 237, 460 S.E.2d 388, 390-91 (1995) (finding issue not preserved where not argued at trial).
II.  Trial Courts Participation in the Examination of a Witness
Hunsucker next argues the trial court committed reversible error in participating in the examination of a witness and improperly commenting on the facts of the case.  We disagree.  
As part of the States case, the State presented testimony from Darren Yarborough, a criminal investigator for the Florence County Sheriffs Department.  Yarborough testified about taking the statements of both Faison and Hayes and about searching Hunsuckers house.  During direct examination of Yarborough, the trial court interrupted and asked Yarborough, [I]n your interrogation of [Faison and Hayes], that (sic) each of them independently separately incriminate Mr. Hunsucker[?]  Yarborough responded, Yes, sir.  Hunsucker objected to the trial courts question.  The trial court granted Hunsuckers objection.  The trial court then instructed, Ignore the question and the answer, ladies and gentlemen.  [At] [s]ome point that question may or may not become relevant.  Hunsucker made no further objections or motions regarding the trial courts question or instruction.  
This issue is not preserved for our review.  [P]rejudicial remarks in the course of a trial made by the court must be seasonably objected to and an exception noted, in the absence of which the question will not be ordinarily reviewed on appeal. 
Lipscomb v. Poole, 247 S.C. 425, 433-34, 147 S.E.2d 692, 697 (1966).  [I]f the objecting party accepts the ruling of the trial judge and does not contemporaneously object to the sufficiency of a curative instruction or move for mistrial, the error is deemed cured, and the issue is not preserved for appeal.  State v. Moyd, 321 S.C. 256, 263, 468 S.E.2d 7, 11 (Ct. App. 1996).  The fact that counsel may have some hesitancy in making objection during the trial to remarks or conduct of the court, which are considered prejudicial, does not excuse the failure to do so.  Parks v. Morris Homes Corp., 245 S.C. 461, 470, 141 S.E.2d 129, 134 (1965).  
CONCLUSION
We find no reversible error in limiting the cross-examination of Faison.  Hunsucker failed to preserve the issues of cross-examination of Hayes regarding bias and whether the trial court erred in directly questioning a witness.  The decision of the trial court is accordingly 
AFFIRMED.
 HUFF, STILWELL, and BEATTY, JJ., concur.