22454

The STATE, Respondent v. Frank MIDDLETON, Jr., Appellant.

(339 S. E. (2d) 692)

Supreme Court

*David I. Bruck,* Columbia, *Public Defender Mark L. Archer* and *James A. Stuckey, Jr.,* Charleston, and *South*

*Carolina Office of Appellate Defense*, Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.* and *Carlisle Roberts, Jr.*, Columbia, and *Sol. Charles M. Condon*, Charleston, *for respondent.*

Heard Jan. 6, 1986.

Decided Jan. 29, 1986.

GREGORY, Justice:

Appellant Frank Middleton, Jr., was indicted separately for two counts of murder and criminal sexual conduct, and one count of attempted armed robbery, aggravated assault, and aggravated assault and battery. Over appellant's objection, the cases were consolidated for trial. A jury found Middleton guilty of all charges, and he was sentenced to death. This appeal followed. We reverse and remand for new trials.

Appellant's first contention is the trial judge erred in consolidating the charges for trial. We agree.

Middleton escaped from a prison work detail near Goose Creek on June 8, 1984. According to the charges, he raped and murdered Janell Garner on June 9th, and Shirley Mae Mack on June 10th. The victims were asphyxiated, and their bodies were mutilated. The body of Shirley Mae Mack was burned. It was further alleged that appellant attempted to rob Hiott Grocery Store, assaulting two employees, on June 11th.

The State argues consolidation was justified, alleging all the crimes were part of a crime spree. *See State v. Woomer*, 276 S. C. 258, 277 S. E. (2d) 696 (1981). In support of this contention, the State notes the similarity of the murders, and the fact the crimes were committed within a radius of a few miles. The State also contends the same knife was used in the crimes.

However, this case clearly fails to meet the requirements for consolidation. The crimes did not arise out of a single chain of circumstances, and required different evidence for proof. Furthermore, the prejudice to appellant is apparent. *See State v. Tate*, 286 S. C. 463, 334 S. E. (2d) 289 (S. C. App. 1985), *citing City of Greenville v. Chapman*, 210 S. C. 157, 41

S. E. (2d) 865 (1947). It is evident the charges against appellant did not arise out of the same transaction. *State v. Whitener*, 238 S. C. 244, 89 S. E. (2d) 701 (1955).

Next, appellant argues the lower court erred in admitting color autopsy photographs of one of the victims. Three depicted the victim's scalp pulled away from her skull. One showed her surgically opened vaginal cavity exposing a large amount of seminal fluid. Before the photographs were introduced, appellant offered to stipulate to any facts shown by the photographs; however, the solicitor refused to accept any stipulations.

The State argues the photographs were properly admitted to (a) corroborate forensic testimony; (b) show the violence of the murders; and (c) corroborate statements made by appellant. Middleton, on the other hand, contends the photos contained no disputed information, and could have been proved by other testimony. The State candidly admits the photographs were not essential to the prosecution.

Appellant urges the adoption of a special rule for autopsy photographs. *See Brown v. State*, 250 Ga. 862, 302 S. E. (2d) 347 (1983); *See also Conklin v. State*, 254 Ga. 558, 331 S. E. (2d) 532 (1985); however, it would be inappropriate to adopt a new rule of law where an existing rule can be applied. *See Hossenlopp v. Cannon*, 285 S. C. 367, 329 S. E. (2d) 438 (1985). (Gregory and Harwell, JJ, dissenting). Since, under long-standing precedent, the photos should have been excluded, we need not determine the propriety of a new rule.

Although photographs may be used to corroborate other evidence, *See State v. Robinson*, 201 S. C. 230, 22 S. E. (2d) 587 (1942), it is well-established that photographs calculated to arouse the sympathies and prejudices of the jury are to be excluded if they are irrelevant or unnecessary to the issues at trial. *State v. Edwards*, 194 S. C. 410, 10 S. E. (2d) 587 (1940). Appellant's counsel offered to stipulate to any relevant information contained in the photographs, and it is clear the information was not really at issue. Furthermore, the testimony of the forensic pathologist negated any arguable evidentiary value of the photographs. The prejudice created by the photographs clearly outweighed *any* evidentiary value. *See State v. Waitus*, 224 S. C. 12, 77 S. E. (2d) 256 (1953); *See also State v. Edwards.*

Third, appellant alleges it was error for the solicitor to have elicited from a State's witness that appellant declined to comment on the Hiott robbery when being questioned by police. In fact, the solicitor compounded the error by repeating the answer. This was an obvious unconstitutional comment on Middleton's post-arrest silence. *State v. Sloan*, 278 S. C. 435, 298 S. E. (2d) 92 (1982).

Finally, appellant argues the trial judge erred in admitting his confession without having first found that the confession had been taken in compliance with the requirements of *Miranda v. Arizona*, 384 U. S. 436, 86 S. Ct. 1602, 16 L. Ed. (2d) 694 (1966). At the *Jackson v. Denno* hearing, the lower court did find the statement was voluntary. The State contends this finding contained an implicit recognition that *Miranda* had been complied with. However, an affirmative finding under *Miranda* was also required.

In order to secure the admission of a defendant's statement, the State must affirmatively show the statement was voluntary *and* taken in compliance with *Miranda. State v. Adams*, 277 S. C. 115, 283 S. E. (2d) 582 (1981); *State v. Callahan*, 263 S. C. 35, 208 S. E. (2d) 284 (1974). Such is required due to the broad protection of *Miranda* in contrast to the traditional concept of voluntariness. *See Oregon v. Elstad*, _____ U. S. _____, 105 S. Ct. 1285, 1292-93, 84 L. Ed. (2d) 222 (1985).

The numerous errors below mandate reversal of appellant's conviction and sentence, and a remand for new trials. Accordingly, the case is reversed, and remanded for separate trials on each murder and criminal sexual conduct charge, and on all charges arising from the attempted robbery of the Hiott Grocery Store.

Reversed and remanded.

NESS, C. J., and HARWELL, CHANDLER and FINNEY, JJ., concur.