23305

The STATE, Respondent v. Ricardo Stephon SHERARD, Appellant.

(399 S.E. (2d) 595)

Supreme Court

*Asst. Appellate Defender Daniel T. Stacey, South Carolina Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *Amie L. Clifford,* and *Sol. James C. Anders,* Columbia, *for respondent.*

Heard Nov. 13, 1990.

Decided Jan. 7, 1991.

LITTLEJOHN, Acting Associate Justice:

Appellant, Ricardo Stephon Sherard (Sherard), a juvenile, was convicted in General Sessions Court of murder and attempted armed robbery; he was concurrently sentenced to life and 20 years imprisonment.

We affirm.

## FACTS

On September 15, 1987, Sherard, then 15 years old, Carlos Outen (Outen), age 16, Darrius Clark (Clark), age 15, Anthony Taylor (Taylor), age 18, and Reggie Wright (Wright), age 19, went out "joyriding" in Columbia, South Carolina. Outen had, the same day, taken a .22 magnum gun from his grandmother's house, and given it to Sherard. When the group ran

low on money and gas, they looked for someone to rob. They spotted 15 year old Kendall Driver walking home from the grocery store, and decided he was an appropriate victim. Sherard and Clark exited the car to approach him. When Driver ran, Sherard shot him in the back. The group speeded away in the car; Kendall Driver died later that night.

All five were subsequently arrested. Outen and Clark, as juveniles, were allowed to plead guilty in Family Court to accessory before the fact of murder, and attempted armed robbery. In exchange for this arrangement, both were required to testify for the State.

The charges against Sherard, murder and attempted armed robbery, were waived up to General Sessions Court, where he was jointly tried with Wright and Taylor.

## ISSUES
1. Did the Court erroneously limit cross-examination of State's witnesses Outen and Clark?
2. Did the State's closing argument deny Sherard a fair trial?
3. Did the Court erroneously admit evidence of unrelated crimes?

## DISCUSSION

### I. OUTEN AND CLARK

Sherard contends the Court erred in refusing to allow him to question Outen and Clark about the penalties for the crimes that were dismissed as part of their agreement to testify for the State. We disagree.

It is well settled that the scope of cross-examination is within the trial judge's discretion, and this Court will not interfere absent a showing of prejudice by the complaining party. *State v. Hess*, 279 S.C. 14, 301 S.E. (2d) 547 (1983); *State v. Maxey*, 218 S.C. 106, 62 S.E. (2d) 100 (1950).

On cross-examination, Outen testified to previous convictions for second-degree burglary, grand larceny, and strong armed robbery, stating that he'd served eight months and that the "last thing in the world he wanted to do was go back." It was then brought out that Outen had originally been charged with murder, for which he knew he could have re-

ceived a life sentence if tried in General Sessions Court. Outen also testified that he knew he'd be treated much less severely in Family Court than in General Sessions Court, and that the State had reduced or dismissed a number of charges against him in exchange for his agreement to testify.

Clark, who was initially charged with murder, and attempted armed robbery, pled guilty in Family Court to accessory before the fact of murder, and attempted armed robbery. On cross-exam, although the specific sentences he might have received in General Sessions Court were not brought out, Clark testified that he knew the penalties were much less severe in Family Court. He also testified that, in order to remain in Family Court and have the charges against him reduced, he had to testify for the State. This line of testimony clearly revealed Outen's and Clark's motives for testifying.

Unlike the defendant in *State v. Samuel L. Brown*, ___ S.C. ___ , 399 S.E. (2d) 593 (1991), Sherard has suffered no prejudice from the trial court's ruling. In *Brown*, *no* evidence was presented to the jury regarding the sentence the witness avoided in pleading guilty and testifying for the State. Here, both Outen and Clark testified that the State had dropped murder charges against them. Critically, during cross-examination of Outen, the jury was made fully aware that a charge of murder carries a mandatory life sentence in General Sessions Court. We find that Sherard amply demonstrated any bias on the part of Outen and Clark, and, therefore, has shown no prejudice in the trial court's refusal to allow further inquiry into the sentences they avoided.

Moreover, we find any error harmless beyond a reasonable doubt. Error in a criminal prosecution is harmless when it could not reasonably have affected the result of the trial. *State v. Mitchell*, 286 S.C. 572, 336 S.E. (2d) 150 (1985).

Here, Clark testified that Sherard shot the victim as he ran, then returned to the car acting proud, telling the others to smell the gun. Outen testified that after the shooting, Sherard got into the car saying, "He got him one." Finally, Sherard's own statements to police indicate that he shot Driver while attempting to rob him.

Under the evidence, we find that the jury could not have reached any other conclusion.

## II. CLOSING ARGUMENT

Sherard next contends that the Solicitor's closing argument was so fraught with error that a new trial is mandated.

We have reviewed the entire argument and find that it did not deprive Sherard of a fair trial. *See, State v. Liinder,* 276 S.C. 304, 278 S.E. (2d) 335 (1981).

Moreover, even assuming the argument improper, this Court will not set aside a conviction due to insubstantial errors not affecting the result. *State v. Bailey,* 298 S.C. 1, 377 S.E. (2d) 581 (1989).

Here, the overwhelming evidence, including Sherard's own statement, conclusively proves his guilt. We find that the argument could not have affected the jury's verdict.

## III. UNRELATED CRIMES

At trial, in an attempt to show flight, the Solicitor questioned Outen as to why the group had gone to North Carolina after the shooting. Outen replied, "To steal cars."

Later, Clark testified that the group had been "fussing over some boxes with keys in them."

Sherard contends this evidence of other crimes was improper. We disagree.

Outen's testimony regarding why they went to North Carolina was admissible on the issue of flight. *See, State v. Thompson,* 278 S.C. 1, 292 S.E. (2d) 581 (1982), *cert. denied,* 456 U.S. 938, 102 S. Ct. 1996, 72 L. Ed. (2d) 458. Further, although defense counsel objected to the Solicitor's question, no objection nor request for curative instruction was made to Outen's response. Accordingly, the error, if any, is not preserved.

Regarding Clark's testimony concerning key boxes, we find no implication that Sherard was involved in a crime.

## CONCLUSION

The judgment below is affirmed.

Sherard's remaining exceptions are affirmed pursuant to Supreme Court Rule 23 and the following authorities: *State v. Stroman,* 281 S.C. 508, 316 S.E. (2d) 395 (1984) (Exception 17);

*State v. Hamilton,* 285 S.C. 133, 328 S.E. (2d) 633 (1985) (Exceptions 18, 19).

Affirmed.

GREGORY, C.J., and HARWELL, FINNEY and TOAL, JJ., concur.