THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State, Respondent,
v.
Willie Lee Hagood, Appellant.
 
 
 

Appeal From Pickens County
 Henry F. Floyd, Circuit Court Judge

Unpublished Opinion No. 2006-UP-043
Submitted December 1, 2005  Filed January 18, 2006

AFFIRMED

 
Senior Assistant Appellate Defender Wanda H. Carter, of Columbia, for Appellant.
Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott
Assistant Attorney General David A. Spencer, all of Columbia; and Solicitor Robert M. Ariail, of Greenville, for Respondent.
 

PER CURIAM:  Willie Lee Hagood appeals his conviction for second-degree criminal sexual conduct, arguing the trial court abused its discretion in admitting portions of the victims medical records into evidence.  We affirm.[1]
FACTS
Hagood was arrested and indicted for second-degree criminal sexual conduct.  The indictment alleged Hagood sexually assaulted a twenty-year-old male.  At trial, Hagood argued the sex was consensual.  The State maintained Hagood raped the victim and presented expert testimony to discredit Hagoods version of the events.  
At trial, the State sought to introduce pictures of the victims anus to corroborate the testimony of the medical examiner, to show the severity of the victims injuries, and to contradict Hagoods claim of consensual sex.  The trial court admitted the pictures, finding their probative value outweighed any prejudicial effect.  At the close of the evidence, the jury found Hagood guilty and sentenced him to sixteen years.  Hagood appeals.
LAW/ANALYSIS
Hagood argues the trial court abused its discretion in admitting portions of the victims medical records into evidence.  However, the State alleges Hagood did not preserve this issue for appellate review because he did not procure a final ruling on the record.  We hold the issue was properly preserved, but we find the trial court did not abuse its discretion in admitting the evidence.
Unless an objection is made at the time the evidence is offered and a final ruling made, the issue is not preserved for review.  State v. Shumpert, 312 S.C. 502, 507, 435 S.E.2d 859, 862 (2003).  However, where the motion is ruled on immediately prior to the introduction of the evidence in question, no further objection is necessary.  State v. Tufts, 355 S.C. 493, 497, 585 S.E.2d 523, 525 (Ct. App. 2003); State v. Mueller, 319 S.C. 266, 268-69, 460 S.E.2d 409, 410-11 (Ct. App. 1995).  
Here, it is clear that the trial courts  decision, reached after in camera testimony and lengthy arguments with counsel, was a final ruling.  Moreover, immediately after the trial court ruled, the State called the medical examiner to the stand, and elicited testimony in front of the jury.  Because there was no opportunity for the trial court to change its ruling, we find that Hagoods in camera objections preserved the issue for appellate review.  Therefore, we now turn to the merits of Hagoods appeal.
The admission or exclusion of evidence is left to the sound discretion of the trial court.  State v. Gaster, 349 S.C. 545, 557, 564 S.E.2d 87, 93 (2002).  The trial courts ruling on the admissibility of evidence will not be reversed absent an abuse of discretion or the commission of legal error that results in prejudice to the defendant.  State v. Adams, 354 S.C. 361, 377, 580 S.E.2d 785, 793 (Ct. App. 2003).  Evidence should be excluded when its probative value is outweighed by its prejudicial effect.  State v. Kelley, 319 S.C. 173, 460 S.E.2d 368 (1995).  A trial judge has considerable latitude in ruling on the admissibility of evidence and his rulings will not be disturbed absent a showing of probable prejudice.  Kelley, 319 S.C. at 173, 460 S.E.2d at 370).  The determination of relevancy and materiality of a photograph is left to the sound discretion of the trial judge.  Kelley, 319 S.C. at 173, 460 S.E.2d at 370.  Photographs calculated to arouse the sympathy or prejudice of the jury should be excluded if they are irrelevant or not necessary to substantiate material facts or conditions.  State v. Middleton, 288 S.C. 21, 339 S.E.2d 692 (1986).
We find no abuse of discretion in the trial courts admission of the picture of the victims anus into evidence.  Hagood claimed the intercourse was consensual, and that he and the victim had consensual anal sex on five separate occasions in the month prior to the assault.  The States expert medical examiner testified the condition of the victims anus was inconsistent with a person who would have had consensual anal intercourse five times in a month.  The picture helped illustrate the examiners testimony and was probative in helping the jury understand how the medical testimony rebutted the claims of Hagood.  
Hagood also alleges the pictures were unnecessary as the testimony adequately conveyed the severity of the victims injuries.  We disagree.  The photographs supported the testimony of the medical examiner and were relevant to the nature of the crime.  The State used the photographs to establish that sex was not consensual as alleged by Hagood. These photographs merely corroborated the testimony of the medical examiner concerning how the injuries sustained by the victim were inconsistent with consensual sex.  We agree with the trial courts finding that the photographs were neither prejudicial nor inflammatory.  Accordingly, we find the trial court did not abuse its discretion.
CONCLUSION
For the aforementioned reasons, the conviction is hereby
AFFIRMED.
HEARN, C.J., HUFF and BEATTY, J.J., concur.

[1] We decide this case without oral arguments pursuant to Rule 215, SCACR.