662 S.E.2d 489

**The STATE, Respondent,**

v.

**Larry D. EVANS, Appellant.**

**No. 4391.**

Court of Appeals of South Carolina.

Submitted March 1, 2008.

Decided May 15, 2008.

Rehearing Denied June 26, 2008.

Lanelle C. Durant, South Carolina Commission on Indigent Defense, of Columbia, for Appellant.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Senior Assistant Attorney General, Norman Mark Rapoport, all of Columbia; and Solicitor Christina T. Adams, of Anderson, for Respondent.

PIEPER, J.

Larry D. Evans appeals his criminal conviction for possession of a stolen vehicle. On appeal, Evans maintains the trial court erred in overruling defense counsel's objection to hearsay testimony. We affirm.[1]

## FACTS

On June 27, 2006, Evans was indicted for possession of a stolen vehicle in violation of S.C.Code Ann. § 16–21–80 (1976). At trial, William Human, Bobbie Hicks, and Detective Steven Reeves presented testimony regarding the condition of the stolen vehicle. According to Human, "[a]ll the molding was gone and wrecked ... [t]he steering column busted out.... I had stickers on it. All those was stripped off of it and all." Human went on to testify that his tool box was also missing and that Evans' wallet containing his driver's license was found in the vehicle. Following Human's testimony, Hicks testified regarding the condition of the vehicle, stating, "[a]ll the siding is off of it. The column is gone out of it." Hicks further stated "[h]e had emblems all over the window, they were gone." Hicks also confirmed that a tool box and tools belonging to Human were inside the vehicle prior to the theft.

Following the testimony of Human and Hicks, Detective Reeves presented testimony regarding his investigation into the alleged theft. Reeves testified he spoke with Human about damage to the vehicle and the details of the crime. When questioned at trial regarding the vehicle's condition, Reeves stated "[t]he molding is removed. Any emblems, Dodge or Dakota are removed from the vehicle." When

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

Reeves attempted to reference a statement by Human, Evans objected to Reeves' testimony on the ground of hearsay. The trial court overruled Evans' objection and allowed the statements. Reeves continued his testimony, stating, "[a]ccording to Mr. Human, when he and Miss Hicks picked up the vehicle in Abbeville, the steering column was damaged and he's had to replace that. I didn't actually see that damage, but that's some of the other damage that Mr. Human had told me about." Reeves further indicated that a toolbox, which Human estimated was valued at over one thousand dollars, was missing.

In addition to the above-stated testimony, other evidence offered to establish Evans' possession of the stolen vehicle was presented at trial. Harley Burdette, Rebecca Alexander, Catherine Johnson, and David Bolt all testified that the vehicle was stolen and that Evans was in possession of the vehicle following its theft. Alexander and Burdette further testified that Evans attempted to sell tools from the vehicle. It was also established that Evans was arrested while driving the stolen vehicle.

At the conclusion of the trial, the jury found Evans guilty of possession of a stolen vehicle. Evans was sentenced to ten years imprisonment. This appeal followed.

## STANDARD OF REVIEW

In criminal cases, the appellate court sits to review errors of law only. *State v. Baccus*, 367 S.C. 41, 48, 625 S.E.2d 216, 220 (2006); *State v. Wilson*, 345 S.C. 1, 5, 545 S.E.2d 827, 829 (2001). The admissibility of evidence is within the sound discretion of the trial court. *State v. Gaster*, 349 S.C. 545, 564 S.E.2d 87 (2002). The trial court's ruling on the admissibility of evidence will not be reversed on appeal absent an abuse of discretion or the commission of legal error which results in prejudice to the defendant. *State v. Mansfield*, 343 S.C. 66, 77, 538 S.E.2d 257, 263 (Ct.App.2000).

## LAW/ANALYSIS

Evans contends the trial court erred by admitting hearsay testimony from Reeves regarding damage to the stolen vehicle. Evans further asserts that the admission of

this testimony caused prejudice, amounting to reversible error. We disagree.

■ Improper admission of hearsay testimony constitutes reversible error only when the admission causes prejudice. *State v. Mitchell,* 286 S.C. 572, 573, 336 S.E.2d 150, 151 (1985). Generally, a conviction will not be set aside by the appellate court where error by the trial court is insubstantial and does not affect the result of the trial. *State v. Price,* 368 S.C. 494, 499, 629 S.E.2d 363, 366 (2006). Accordingly, where guilt has been conclusively proven by competent evidence, an insubstantial error not affecting the result of the trial is harmless. *Id.; Arnold v. State,* 309 S.C. 157, 172, 420 S.E.2d 834, 842 (1992); *State v. Bailey,* 298 S.C. 1, 5, 377 S.E.2d 581, 584 (1989).

Assuming, arguendo, that the testimony in question was improperly admitted by the trial court, Evans has not demonstrated reversible error. *See Price,* 368 S.C. at 499, 629 S.E.2d at 366. Review of the record reveals Reeves' testimony regarding the condition of the vehicle was merely cumulative as both Human and Hicks also testified to the damage sustained by the vehicle. *See id.* at 499–500, 629 S.E.2d at 366; *see also State v. Haselden,* 353 S.C. 190, 196–97, 577 S.E.2d 445, 448–49 (2003) (admission of improper evidence is harmless where the evidence is merely cumulative to other evidence); *State v. Schumpert,* 312 S.C. 502, 507, 435 S.E.2d 859, 862 (1993) (finding any error in the admission of testimony that is merely cumulative is harmless). Prior to Reeves' testimony, Human testified that: the vehicle's molding was removed; the steering column was busted out; the stickers were stripped from the exterior; and a toolbox was missing. Hicks also similarly testified about the molding, the steering column, and the emblems or stickers.

Further, review of the record reveals other eyewitness testimony placing Evans in possession of the stolen vehicle as well as testimony indicating Evans attempted to sell tools from the vehicle; moreover, there is evidence that his wallet and driver's license were found in the vehicle and that he was arrested while driving the stolen vehicle. Thus, despite the presence of the alleged improper testimony regarding the condition of the vehicle, the verdict was based on an abundance of competent evidence from which Evans' guilt was

properly established. *See State v. Lyles,* 211 S.C. 334, 45 S.E.2d 181 (1947) (the possession of recently stolen property is an evidential fact from which the possessor's guilt may be inferred); *State v. Lee,* 147 S.C. 480, 145 S.E. 285 (1928) (in a prosecution for receiving stolen goods, guilty knowledge can be proved by showing a person was found in possession of recently stolen goods); *State v. Williams,* 350 S.C. 172, 175–76, 564 S.E.2d 688, 690–91 (Ct.App.2002) (possession of stolen vehicle was circumstantial evidence that defendant knew the vehicle was stolen). Therefore, the admission of Reeves' testimony, as merely cumulative, insubstantial, and not affecting the result of the trial, was harmless. Accordingly, we find no reversible error.

## CONCLUSION

Based on the foregoing, the decision of the trial court is **AFFIRMED.**

HEARN, C.J., and CURETON, A.J., concur.