670 S.E.2d 655

**The STATE, Respondent,**

**v.**

**Edward WHITNER, Appellant.**

**No. 4436.**

Court of Appeals of South Carolina.

Heard June 4, 2008.

Decided Sept. 24, 2008.

Rehearing Denied Jan. 7, 2008.

514

Appellate Defender Eleanor Duffy Cleary, of Columbia, for Appellant.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Senior Assistant Attorney General Harold M. Coombs, Jr., all of Columbia; and Solicitor Robert M. Ariail, of Greenville, for Respondent.

KONDUROS, J.:

Edward Whitner appeals his convictions for (1) possession with the intent to distribute (PWID) marijuana within close proximity of a school; (2) PWID crack cocaine within close proximity of a school; (3) PWID marijuana; and (4) trafficking crack cocaine. Whitner contends the trial court erred in failing to suppress a statement he made before he was informed of his *Miranda*[1] rights. Whitner further argues the trial court violated his Sixth Amendment right to confrontation by limiting his cross-examination of a witness. We affirm.

---

1. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

## FACTS

On August 2, 2003, the Greenville County Sheriff's Office executed a search warrant for narcotics at 202 Mack Street in Greenville, South Carolina. Upon entering the house, the officers secured all individuals in the residence and advised them of the search warrant. The lead officer, Officer Torrence White, entered the house and found Teresa Smiley standing in the doorway of the back bedroom. He escorted Smiley to the front room of the residence, where the officers already had detained Aaron Garrison and Whitner, who were in the house when the police arrived. The three individuals remained detained together in the front room for over thirty minutes.

After searching the house and finding large quantities of narcotics, Officer White approached Whitner and asked him for his address. Whitner responded "202 Mack Street." Whitner gave the address again on his booking form later that day. A few months later, Whitner gave the same address on his bond form. The bond form contained the statement "the Defendant will notify the Court promptly if he changes his address from the one contained in this order."

Subsequently, both Smiley and Whitner were charged with trafficking and PWID illegal drugs. The day before Whitner's trial, Smiley pled guilty to (1) trafficking in crack cocaine; (2) PWID marijuana; (3) PWID marijuana in the proximity of a school or park; and (4) PWID crack cocaine in the proximity of a school or park. However, she was not sentenced until after Whitner's trial.

At Whitner's trial, Whitner objected to and moved to suppress Officer White's testimony regarding Whitner's providing 202 Mack Street as his address during the search. Whitner argued the State did not meet its burden of establishing Whitner was informed of his rights as required by *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), before eliciting the statement. The trial court overruled the objection. Additionally, Officer White testified Smiley informed him while they were executing the search warrant she and Whitner lived at the residence.

Smiley testified for the State, alleging she and Whitner were in a romantic relationship and lived together at 202 Mack

Street. She further testified the drugs found in the house belonged to Whitner. During her cross-examination, Whitner questioned Smiley about the possibility of receiving a diminished sentence for testimony favorable to Whitner's conviction. Additionally, Whitner asked, "Do you know how much time you're looking at in prison?" The State objected to the question and the trial court sustained the objection. The jury convicted Whitner of all of the charges. Whitner moved for a new trial notwithstanding the verdict, maintaining cross-examination of Smiley to determine potential bias was proper. The motion was denied. The trial court sentenced Whitner to twenty-five years imprisonment for the trafficking crack cocaine offense and three concurrent terms of ten years imprisonment for the remaining offenses. This appeal followed.

## STANDARD OF REVIEW

In criminal cases, appellate courts sit to review errors of law only. *State v. Baccus,* 367 S.C. 41, 48, 625 S.E.2d 216, 220 (2006). "The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion." *State v. Pagan,* 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006). A trial court abuses its discretion when its conclusions are controlled by an error of law or lack evidentiary support. *State v. Sweet,* 374 S.C. 1, 5, 647 S.E.2d 202, 204–05 (2007).

## LAW/ANALYSIS

### I. Statement During Execution of Search Warrant

■ Whitner contends the trial court erred in admitting his statement giving 202 Mack Street as his address during the execution of the search warrant because the State failed to show the statement was voluntary and made in compliance with *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). We disagree.

■ "If a defendant makes a custodial statement, then the trial court must not only make an inquiry into the voluntariness of the statement, but also conduct an inquiry to ensure the police complied with the mandates of *Miranda* and its progeny." *State v. Ledford,* 351 S.C. 83, 88, 567 S.E.2d

904, 906–07 (Ct.App.2002). "In order to secure the admission of a defendant's statement, the State must affirmatively show the statement was voluntary *and* taken in compliance with *Miranda.*" *State v. Middleton,* 288 S.C. 21, 25, 339 S.E.2d 692, 694 (1986).

Custodial interrogation entails questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his or her freedom of action in any significant way. *Miranda,* 384 U.S. at 444, 86 S.Ct. 1602. Interrogation can be either express questioning or its functional equivalent and includes words or actions on the part of police (other than those normally attendant to arrest and custody) the police should know are reasonably likely to elicit an incriminating response. *State v. Kennedy,* 333 S.C. 426, 431, 510 S.E.2d 714, 716 (1998). Whether a suspect was in "custody is determined by an objective analysis of 'whether a reasonable man in the suspect's position would have understood himself to be in custody.'" *Ledford,* 351 S.C. at 88, 567 S.E.2d at 907 (quoting *State v. Easler,* 327 S.C. 121, 128, 489 S.E.2d 617, 621 (1997)). "To determine whether a suspect is in custody, the trial court must examine the totality of the circumstances, which include factors such as the place, purpose, and length of interrogation, as well as whether the suspect was free to leave the place of questioning." *State v. Evans,* 354 S.C. 579, 583, 582 S.E.2d 407, 410 (2003).

However, a ruling to admit or exclude evidence must affect a substantial right to constitute error. Rule 103(a), SCRE; *State v. Johnson,* 363 S.C. 53, 60, 609 S.E.2d 520, 524 (2005). No definite rule of law governs finding an error harmless; "rather, the materiality and prejudicial character of the error must be determined from its relationship to the entire case." *State v. Reeves,* 301 S.C. 191, 193–94, 391 S.E.2d 241, 243 (1990). Generally, an appellate court will not set aside a conviction because of an insubstantial error not affecting the result. *State v. Sherard,* 303 S.C. 172, 176, 399 S.E.2d 595, 597 (1991). In *State v. Gillian,* this court found the trial court's error harmless because the testimony was "largely cumulative" to testimony from other witnesses and even omitting the testimony at issue, "abundant evidence upon which one could find Gillian guilty of murder" remained. 360

S.C. 433, 456–57, 602 S.E.2d 62, 74–75 (Ct.App.2004), *aff'd as modified on other grounds,* 373 S.C. 601, 646 S.E.2d 872 (2007).

The trial court's admission of the statement is not reversible error because the statement is merely cumulative, as (1) Whitner gave the address again on both his booking and bond forms; (2) Smiley testified he lived there; and (3) Officer White testified Smiley had informed him during the execution of the search warrant Whitner lived there. *See State v. Price,* 368 S.C. 494, 499–500, 629 S.E.2d 363, 366 (2006); *see also State v. Haselden,* 353 S.C. 190, 197, 577 S.E.2d 445, 448–49 (2003) (holding the admission of improper evidence is harmless when the evidence is merely cumulative to other evidence); *State v. Schumpert,* 312 S.C. 502, 507, 435 S.E.2d 859, 862 (1993) (finding any error in the admission of testimony that is merely cumulative is harmless); *State v. McFarlane,* 279 S.C. 327, 330, 306 S.E.2d 611, 613 (1983) ("It is well settled that the admission of improper evidence is harmless where it is merely cumulative to other evidence."); *State v. Evans,* 378 S.C. 296, 299, 662 S.E.2d 489, 491 (Ct.App.2008) (holding the admission of testimony that was merely cumulative, insubstantial, and not affecting the result of the trial was harmless). Accordingly, the trial court did not commit reversible error in failing to suppress the statement.

## II. Cross–Examination of Smiley

Next, Whitner alleges the trial court violated his Sixth Amendment right to confrontation by prohibiting him from questioning Smiley concerning her potential sentence. We disagree.

The scope of cross-examination is left to the trial court's discretion. *Sherard,* 303 S.C. at 174, 399 S.E.2d at 596. Under the Confrontation Clause, a defendant has the right to cross-examine a witness and elicit any fact showing interest, bias, or partiality of that witness. *State v. Mizzell,* 349 S.C. 326, 331, 563 S.E.2d 315, 317 (2002). "Considerable latitude is allowed in the cross-examination of an adverse witness for the purpose of testing bias." *State v. Brown,* 303 S.C. 169, 171, 399 S.E.2d 593, 594 (1991). The record must clearly show the cross-examination is inappropriate before the trial court may

limit a criminal defendant's right to engage in cross-examination to show bias on the part of the witness. *Mizzell,* 349 S.C. at 331, 563 S.E.2d at 317. If the defendant establishes the limitation unfairly prejudiced him, the error is reversible. *Id.*

In the present case, the trial court did not provide an explanation for sustaining the objection or denying Whitner's motion for a new trial. Generally, the jury is not entitled to learn the possible sentence of a defendant because the sentence is irrelevant to finding guilt or innocence and could prejudice the State. *Id.* at 331–32, 563 S.E.2d at 317–18. However, the Confrontation Clause limits the applicability of this rule when the defendant's right to effectively cross-examine a co-conspirator witness about possible bias outweighs the need to exclude the evidence. *Id.*

Nevertheless, "[a] violation of the defendant's Sixth Amendment right to confront the witness is not *per se* reversible error," and we must determine if the "error was harmless beyond a reasonable doubt." *State v. Graham,* 314 S.C. 383, 386, 444 S.E.2d 525, 527 (1994) (quoting *Delaware v. Van Arsdall,* 475 U.S. 673, 684, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986)). "[T]he denial of the opportunity to cross-examine an adverse witness does not fit within the limited category of constitutional errors that are deemed prejudicial in every case." *Van Arsdall,* 475 U.S. at 682, 106 S.Ct. 1431. Error is harmless when it could not reasonably have affected the trial's outcome. *State v. Mitchell,* 286 S.C. 572, 573, 336 S.E.2d 150, 151 (1985). Whether an error is harmless depends on the particular facts of each case and factors including: (1) the importance of the witness's testimony in the State's case; (2) whether the testimony was cumulative; (3) the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points; (4) the extent of cross-examination otherwise permitted; and (5) the overall strength of the State's case. *Mizzell,* 349 S.C. at 333, 563 S.E.2d at 318; *see also State v. Clark,* 315 S.C. 478, 482, 445 S.E.2d 633, 635 (1994).

The trial court's refusal to allow Whitner to cross-examine Smiley on her possible sentence was not reversible error. At trial, Smiley's testimony was not the only evidence Whitner lived at 202 Mack Street. Whitner gave the address as his address on multiple occasions. Smiley's testimony was merely

cumulative to Whitner's own statements. Further, the trial court only prevented Whitner from asking the question at issue; the trial court permitted him to elicit testimony from Smiley she had pled guilty to the same charges as those with which Whitner was charged and ask her if she was hoping testifying against Whitner would help her when she was sentenced. Therefore, because the limitation of the cross-examination could not have reasonably affected the outcome of the trial, the trial court did not commit reversible error. *See State v. Curry,* 370 S.C. 674, 682, 636 S.E.2d 649, 653 (Ct.App. 2006).

## CONCLUSION

Because Whitner gave 202 Mack Street as his address two additional times after his statement to Officer White, the testimony regarding the statement was cumulative. Thus, the trial court did not commit reversible error in failing to suppress the statement. Further, the trial court's failure to allow Whitner to cross-examine Smiley regarding her potential sentence was not reversible error because Whitner's own statements indicated he lived there, and he was allowed to ask Smiley if she was hoping for a reduced sentence for her testimony. Accordingly, the decision of the trial court is

**AFFIRMED.**

HEARN, C.J., and SHORT, J., concur.