**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Brittany Johnson, Appellant.

Appellate Case No. 2011-185926

Appeal From Horry County
Edward B. Cottingham, Circuit Court Judge

Unpublished Opinion No. 2013-UP-288
Heard May 14, 2013 – Filed June 26, 2013

**REVERSED and REMANDED**

Appellate Defender Breen Richard Stevens of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Donald J. Zelenka, and Assistant Attorney General Brendan Jackson McDonald, all of Columbia; and Solicitor Jimmy A. Richardson, of Conway, for Respondent.

**PER CURIAM:** In this criminal appeal, Brittany Johnson challenges her murder conviction, arguing the trial court erred in: (1) admitting her statement to police into evidence after her invocation of the right to counsel was not honored; (2) failing to grant a mistrial after the jury prematurely deliberated; (3) denying her request to instruct the jury on self-defense; and (4) denying her request to instruct the jury on involuntary manslaughter. We reverse and remand for a new trial pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether the trial court erred in admitting Johnson's statement to police: *State v. Middleton*, 288 S.C. 21, 25, 339 S.E.2d 692, 694 (1986) (noting the trial court must make an affirmative finding that there was no violation of *Miranda v. Arizona*[1] during a *Jackson v. Denno*[2] hearing before admitting a statement into evidence); *State v. Franklin*, 299 S.C. 133, 137, 382 S.E.2d 911, 913 (1989) (noting the State has the burden to prove a defendant validly waived his *Miranda* rights); *State v. Wannamaker*, 346 S.C. 495, 499, 552 S.E.2d 284, 286 (2001) ("If a suspect invokes her right to counsel, police interrogation must cease unless the suspect herself initiates further communication with police.").

2.  As to the remaining issues:  *State v. Williams*, 399 S.C. 281, 289 n.3, 731 S.E.2d 338, 342 n.3 (Ct. App. 2012) (declining to reach the remaining issues when reversal of one issue disposes of the entire appeal).

**REVERSED and REMANDED.**

**SHORT, THOMAS, and PIEPER, JJ., concur.**

---

[1] 384 U.S. 436 (1966)
[2] 378 U.S. 368 (1964).