**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Greg K. Isaac, Appellant.

Appellate Case No. 2013-002168

---

Appeal From Richland County
Clifton Newman, Circuit Court Judge

---

Unpublished Opinion No. 2015-UP-337
Submitted April 1, 2015 – Filed July 8, 2015

---

**AFFIRMED**

---

Appellate Defender David Alexander, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Donald J. Zelenka, Assistant Attorney General Caroline M. Scrantom, and Solicitor Daniel Edward Johnson, all of Columbia, for Respondent.

---

**PER CURIAM:** Greg K. Isaac appeals his convictions for murder, attempted armed robbery, and first-degree burglary, arguing the trial court erred in limiting the cross-examination of a testifying co-defendant regarding a non-testifying co-defendant's plea deal. We affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Gracely*, 399 S.C. 363, 371, 731 S.E.2d 880, 884 (2012) ("[Appellate courts] will not disturb a trial court's ruling concerning the scope of cross-examination of a witness to test his or her credibility, or to show possible bias or self-interest in testifying, absent a manifest abuse of discretion."); *State v. Mizzell*, 349 S.C. 326, 331, 563 S.E.2d 315, 317 (2002) ("A defendant has the right to cross-examine a witness concerning bias under the Confrontation Clause."); *State v. Pradubsri*, 403 S.C. 270, 276–77, 743 S.E.2d 98, 102 (Ct. App. 2013) ("A criminal defendant may show a violation of the Confrontation Clause by showing that he was prohibited from engaging in otherwise appropriate cross-examination designed to show a prototypical form of bias on the part of the witness, and thereby to expose to the jury the facts from which jurors . . . could appropriately draw inferences relating to the reliability of the witness." (alteration in original) (quoting *Mizzell*, 349 S.C. at 331, 563 S.E.2d at 317)); *Mizzell*, 349 S.C. at 331, 563 S.E.2d at 318 ("The jury is, generally, not entitled to learn the possible sentence of a defendant because the sentence is irrelevant to finding guilt or innocence."); *id.* at 331-32, 563 S.E.2d at 318 ("However, other constitutional concerns, such as the Confrontation Clause, limit the applicability of this rule in circumstances where the defendant's right to effectively cross-examine a co-conspirator witness of possible bias outweighs the need to exclude the evidence."); *id.* at 331, 563 S.E.2d at 317 ("Before a trial [court] may limit a criminal defendant's right to engage in cross-examination to show bias on the part of the witness, the record must clearly show the cross-examination is inappropriate."); *State v. Sherard*, 303 S.C. 172, 175, 399 S.E.2d 595, 596 (1991) (finding no prejudice in the trial court's refusal to allow further inquiry into co-conspirator's potential sentences where the defendant "amply demonstrated any bias on the part of [the two co-conspirators]").

**AFFIRMED.**[1]

**SHORT, LOCKEMY, and McDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.