**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Homer Arthur James, Appellant.

Appellate Case No. 2016-002046

Appeal From Bamberg County
R. Lawton McIntosh, Circuit Court Judge

Unpublished Opinion No. 2019-UP-037
Submitted November 1, 2018 – Filed January 23, 2019

**AFFIRMED**

Appellate Defender David Alexander, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Vann Henry Gunter, Jr., both of Columbia; and Solicitor James Strom Thurmond, Jr., of Aiken, all for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Breeze*, 379 S.C. 538, 543, 665 S.E.2d 247, 250 (Ct. App. 2008) ("Our role when reviewing a trial court's ruling concerning the admissibility

of a statement upon proof of its voluntariness is not to reevaluate the facts based on our view of the preponderance of the evidence."); *id.* ("Rather, our standard of review is limited to determining whether the trial court's ruling is supported by any evidence."); *id.* ("Thus, on appeal the trial court's findings as to the voluntariness of a statement will not be reversed unless they are so erroneous as to show an abuse of discretion."); *Clark v. Cantrell*, 339 S.C. 369, 389, 529 S.E.2d 528, 539 (2000) ("An abuse of discretion occurs when the trial court's ruling is based on an error of law or, when grounded in factual conclusions, is without evidentiary support."); *Miranda v. Arizona*, 384 U.S. 436, 444 (1966) ("[T]he prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination."); *State v. Whitner*, 380 S.C. 513, 518, 670 S.E.2d 655, 658 (Ct. App. 2008) ("Custodial interrogation entails questioning initiated by law enforcement officers after a [suspect] has been taken into custody or otherwise deprived of his or her freedom of action in any significant way."); *id.* ("Interrogation can be either express questioning or its functional equivalent and includes words or actions on the part of police (other than those normally attendant to arrest and custody) the police should know are reasonably likely to elicit an incriminating response."); *Breeze*, 379 S.C. at 544, 665 S.E.2d at 250 ("[T]he Fifth Amendment does not act to provide a uniform prohibition against the taking of any and all statements made by a suspect to law enforcement officials."); *State v. Medley*, 417 S.C. 18, 29, 787 S.E.2d 847, 853 (Ct. App. 2016) ("The failure to suppress evidence for possible *Miranda* violations is harmless if the record contains sufficient evidence to prove guilt beyond a reasonable doubt." (quoting *State v. Lynch*, 375 S.C. 628, 636, 654 S.E.2d 292, 296 (Ct. App. 2007))); *id.* (noting that "overwhelming evidence of . . . guilt renders any error in the admission of . . . incriminating statements harmless beyond a reasonable doubt").[1]

**AFFIRMED.**[2]

**KONDUROS, MCDONALD, and HILL, JJ., concur.**

---

[1] To the extent James argues his Sixth Amendment rights were violated, we find that argument is unpreserved. *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693-94 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial [court]. Issues not raised and ruled upon in the trial court will not be considered on appeal.").

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.