**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Daunte Maurice Johnson, Appellant.

Appellate Case No. 2022-000931

---

Appeal From Sumter County
R. Ferrell Cothran, Jr., Circuit Court Judge

---

Unpublished Opinion No. 2024-UP-123
Submitted April 1, 2024 – Filed April 17, 2024

---

**AFFIRMED IN PART AND VACATED IN PART**

---

Appellate Defender Breen Richard Stevens, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Deputy Attorney General Donald J. Zelenka, Senior Assistant Deputy Attorney General Melody Jane Brown, and Senior Assistant Attorney General J. Anthony Mabry, all of Columbia, for Respondent.

---

**PER CURIAM:** Daunte Maurice Johnson appeals his convictions for two counts of murder and two counts of possession of a weapon during the commission of a

violent crime, and his consecutive sentences of two terms of life without parole (LWOP) for the murders of Sharee Bradley and her minor child (Minor), and two terms of five-years' imprisonment for the weapon charges. On appeal, Johnson argues the trial court erred in (1) admitting into evidence a photograph of Minor's partial skeletal remains that violated Rule 403, SCRE; (2) admitting into evidence photographs and testimony regarding a kitchen knife Johnson allegedly had in his possession before his arrest; and (3) imposing two consecutive five-year sentences for the weapon charges in violation of section 16-23-490(A) of the South Carolina Code (2015). We affirm as to issues one and two, and vacate as to issue three, pursuant to Rule 220(b), SCACR.

1. We find the trial court did not abuse its discretion in admitting a black and white photograph of Minor's partial skeletal remains. *See State v. Phillips*, 430 S.C. 319, 340, 844 S.E.2d 651, 662 (2020) ("We review a trial court's decision to admit or exclude evidence under a deferential standard for an abuse of discretion."); *State v. Adkins*, 353 S.C. 312, 326, 577 S.E.2d 460, 468 (Ct. App. 2003) ("An abuse of discretion arises from an error of law or a factual conclusion that is without evidentiary support."). The circumstances of Minor's death and whether she was alive at the time of Johnson's arrest were contested issues at trial. We find that the photograph had probative value because it (1) corroborated the forensic anthropologist's testimony that the bones belonged to a young child; (2) corroborated the testimony of three officers who testified Johnson had confessed to killing Minor and disposing of her body in a dumpster within the Lantana Apartment complex where Johnson lived; and (3) disputed Johnson's contention that Minor was still alive on August 5, 2019, the day she went missing. *See State v. Benton*, Op. No. 2021-001498 (S.C. Sup. Ct. filed Jan. 17, 2024) (Howard Adv. Sh. No.2 at 23) (explaining autopsy photographs are probative if they "assist[] the jury in their task to understand other key evidence"); *State v. Torres*, 390 S.C. 618, 623, 703 S.E.2d 226, 228 (2010) (holding photographs should not be excluded if they are "necessary to substantiate material facts or conditions"); *State v. Elders*, 386 S.C. 474, 483, 688 S.E.2d 857, 862 (Ct. App. 2010) ("Ordinarily, it is not an abuse of discretion to admit photographs that corroborate testimony."). We acknowledge the probative value of the photograph was limited because the contested issue was proven through other evidence, including the forensic anthropologist's testimony and sketches of the remains. *See State v. Middleton*, 288 S.C. 21, 24, 339 S.E.2d 692, 693 (1986) ("Although photographs may be used to corroborate other evidence . . . it is well-established that photographs calculated to arouse the sympathies and prejudices of the jury are to be excluded if they are irrelevant or unnecessary to the issues at trial." (citation omitted)); *State v. Nelson*, 440 S.C. 413, 426, 891 S.E.2d 508, 514 (2023) (explaining the probative value of

autopsy photographs are limited if they are "not needed to prove an issue in the case" or the issue is proven by other evidence). Nevertheless, we find the probative value was not substantially outweighed by the danger of unfair prejudice, because the photographs were not particularly gruesome or inflammatory. *See* Rule 403, SCRE ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . ."); *Nelson*, 440 S.C. at 426, 891 S.E.2d at 514 (holding it was error to admit "gruesome" autopsy photographs depicting partial decomposition, head wounds where the victim's "skull had been shattered away," and several cuts to the neck, when the only contested issue was who killed the victim, not the circumstances of her death).

2. As to the evidence regarding the kitchen knife, we initially find the trial court did not abuse its discretion in admitting the photographs of the kitchen knife as evidence of flight. *See State v. Gaster*, 349 S.C. 545, 557, 564 S.E.2d 87, 93 (2002) ("The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion."); *State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 266 (2006) ("Flight from prosecution is admissible as [evidence of] guilt."). According to witness testimony, Johnson purportedly grabbed the knife because he was aware he was being sought after by law enforcement and he was not going to allow officers to arrest him. *See id.* at 209, 631 S.E.2d at 266 ("The critical factor to the admissibility of evidence of flight is whether the totality of the evidence creates an inference that the defendant had knowledge that he was being sought by the authorities."); *id.* ("Flight evidence is relevant when there is a nexus between the flight and the offense charged."). We also find the trial court did not abuse its discretion by declining to suppress testimony that Johnson armed himself with the kitchen knife and stated that he would not allow officers to arrest him. *See Gaster*, 349 S.C. at 557, 564 S.E.2d at 93 ("The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion."). The testimony was admissible evidence of Johnson's consciousness of guilt because (1) it indicated Johnson knew he was to be arrested for his involvement in this crime, (2) Johnson's evasive conduct was primarily a form of action, and (3) Johnson grabbed the knife after officers converged on the scene and spotted him milling around the Lantana Apartment complex. *See Pagan*, 369 S.C. at 208, 631 S.E.2d at 266 ("Flight from prosecution is admissible as [evidence of] guilt."); *id.* at 209, 631 S.E.2d at 266 ("The critical factor to the admissibility of evidence of flight is whether the totality of the evidence creates an inference that the defendant had knowledge that he was being sought by the authorities."); *State v. Middleton*, 441 S.C. 55, 63-64, 893 S.E.2d 279, 283-84 (2023) (explaining that in order to determine if evidence adequately demonstrates the appellant's consciousness of guilt, three factors must

be considered: (1) the appellant's knowledge of an arrest warrant or indictment for the crime(s), (2) the guilty or evasive conduct was an action, and (3) how consciousness of guilt manifested in the evidence).

3.  We find the trial court erred in imposing sentences for the two weapon charges after Johnson was sentenced to two counts of LWOP for the murders of Bradley and Minor.  *See State v. Wilson*, 345 S.C. 1, 5, 545 S.E.2d 827, 829 (2001) ("In criminal cases, the appellate court sits to review errors of law only."); *State v. Palmer*, 415 S.C. 502, 511, 783 S.E.2d 823, 827 (Ct. App. 2016) ("Thus, on review, the court is limited to determining whether the trial court abused its discretion."); *id.* ("An abuse of discretion occurs when the court's decision is unsupported by the evidence or controlled by an error of law.").  Section 16-23-490(A) prohibits the imposition of a five-year sentence for possession of a weapon during the commission of a violent crime when the defendant has received an LWOP sentence for the underlying offense.  *See* § 16-23-490(A) (explaining that under this statute the five-year sentence "does not apply in cases where the death penalty or a life sentence without parole is imposed for the violent crime").  Although Johnson did not object during the sentencing phase, the State concedes that the sentences violate section 16-23-490(A).  *See State v. Plumer*, 439 S.C. 346, 351, 887 S.E.2d 134, 137 (2023) ("[W]hen a trial court imposes what the State concedes is an illegal sentence, the appellate court may correct that sentence on direct appeal or remand the issue to the trial court even if the defendant did not object to the sentence at trial and even if there is no real threat of incarceration beyond the limits of a legal sentence.").  Therefore, we vacate the two five-year sentences for possession of a weapon during the commission of a violent crime.

**AFFIRMED IN PART AND VACATED IN PART.**[1]

**THOMAS, MCDONALD, and VERDIN, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.